USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/3/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FALGUNI PATEL, :

                Plaintiff, :

  -against- :

ARAV & ISHAAN FOOD, INC., :
et al.,
                             :

                Defendants.
                                :
-----------------------------------X

17 Civ. 7272 (HBP)

OPINION
AND ORDER

       PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve their settlement. I held a lengthy settlement conference in this matter on March 19, 2018 that was attended by the parties and their counsel. After a settlement was reached during this conference, all material terms of the settlement were placed on the record in open court. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c) and the parties requested an order on the approval of the settlement without written submissions.

       Plaintiff alleges that she was employed as a food preparation worker and cashier at a Subway restaurant that was owned and operated by defendants. Plaintiff further alleges that she worked approximately 50 hours per week -- ten hours per day,

five days a week -- and was paid $8 an hour for all hours worked. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), and seeks to recover unpaid minimum wages, overtime premium pay and spread of hours damages. Plaintiff also asserts claims based on the defendants' alleged failure to provide certain wage notices and statements as required by the NYLL. According to plaintiff's damages calculations, plaintiff estimates she could potentially collect $19,924 in total damages, minus attorneys' fees and costs. This figure includes unpaid minimum wage and overtime premium compensation, spread of hours damages, liquidated damages and statutory wage notification violations.

Defendants contend that plaintiff never worked more than 40 hours per week during her employment and that she was paid $535 per week. Defendants do not dispute that plaintiff was never provided with wage or statement notices. Neither plaintiff, nor defendants have any time records documenting the number of hours worked by plaintiff or her hourly pay.

I presided over the three-hour settlement conference among the parties and their counsel. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total

settlement of $16,000 with the following payment schedule:

>    (1) Defendants will make an initial payment of $5,000 within 15 days of the Court's approval of the settlement;
>
>    (2) Defendants will make a payment of $2,000 within 30 days of the first payment's due date;
>
>    (3) Defendants will make a payment of $1,300 within 30 days of the second payment's due date. Defendants will then make four monthly payments of $1,300 thereafter for four consecutive months;
>
>    (4) Defendants will make a final payment of $2,500 within 30 days of the last monthly $1,300 payment's due date.

The parties also agree that defendants will furnish plaintiff with a confession of judgment that will provide that if defendants, after receiving notice, fail to cure any default in making payments within ten business days, plaintiff may enter judgment in the amount of $20,000 less the amount actually paid up to the date of the default.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original).

3

"Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $10,231.34 after attorneys' fees and costs -- represents approximately 51% of her total alleged damages. This percentage is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net

4

settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Larrea v. FPC Coffees Realty Co., 15 Civ. 1515 (RA), 2017 WL 1857246 at *2 (S.D.N.Y. May 5, 2017) (Abrams, D.J.) (net settlement of 43% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable). Moreover, I suggested the overall settlement amount of $16,000 to the parties during the March 19, 2018 settlement conference as the amount I felt was a just and fair settlement.

Second, the settlement will entirely avoid the expense and aggravation of litigation. This matter was settled prior to the start of formal discovery, which would have led to protracted and costly litigation likely involving depositions. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Because no time records or other documentary evidence exist, plaintiff would have to establish the number of hours she worked and the rate she was paid only through

5

her own self-serving testimony, which the jury may or may not credit. Given the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference. The total settlement amount was suggested by me as a fair and reasonable amount after a three-hour negotiation with the parties. This fact further negates the possibility of fraud or collusion.

The parties also agreed to a release limited only to plaintiff's FLSA claims. I find this release permissible because it is narrowly tailored to wage and hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3; Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. April 28, 2017) (Pitman, M.J.); Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14

Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.)

Finally, the settlement agreement provides that $653 will be paid to plaintiff's counsel for out-of-pocket costs and $5,115.66 -- 33.3% of the settlement fund -- will be paid to plaintiff's counsel as contingency fees. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases);

7

accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. Jun. 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
April 3, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8